*641 OPINION.
Smith:
The issues presented by the record in these proceedings involve (1) bad debts as follows:
Lone Star Securities Co_$15, 253. 00
Brundage Hancock Oil Association_ 8,408. 00
Brundage Hancock Oil Association_ 10,168. 65
Crystal Cafe_ 7,750.00
M. O. McDowell_ 51, 010. 00
J. F. Barker et al_. 150, 000. 00
D. H. Milton_ 20,476.67
H. L. Lewis and D. H. Milton_ 21, 000. 00
International Petroleum Co_ 18,752. 00
Friedner & Ruby_7,724. 00
(2) a loss amounting to $50,505 occasioned by the purchase of a worthless “trade acceptance ” from M. Overton McDowell; (3) the improper computation of invested capital in prior years; and (4) that the taxes in question were outlawed by the statute of limitations. With respect to the bad debts, however, counsel for the petitioners concede that none of the debts, with the exception of those of the Lone Star Securities Co., the Brundage Hancock Oil Association, and the Crystal Cafe, were charged off within the taxable year, and that with respect to such debts as were not charged off no claim is *642 made as to their deductibility. With respect to the allegation of error relative to the improper computation of invested capital for prior years it was conceded that that question had no bearing upon the computation of the deficiency involved and it was stipulated by both parties that a consent had been entered into between the City National Bank of Commerce and the Commissioner extending the period within which an assessment of taxes with respect to the year 1920 might be made until December 81, 1926. Consequently we have for our consideration only the deductibility of debts due from the Lone Star Securities Co., the Brundage Hancock Oil Association, and the Crystal Cafe, and losses arising through the acquisition of certain trade acceptances from M. Overton McDowell.
With respect to the three debts under consideration we are convinced from the record that each was ascertained to be worthless and charged off by the City National Bank of Commerce during the taxable year 1920. Consequently they should be allowed as deductions in computing taxable net income for that year.
With respect to the trade acceptances acquired from M. Overton McDowell, we are convinced that neither the acceptor nor the endorser thereof was financialy responsible and we are further convinced that when the acceptances became due the merchandise which they purported to cover had disappeared. However, it appears that the City National Bank of Commerce made no distinction in the manner in which it handled notes and trade acceptances and it does not appear that the bank considered trade acceptances in any other light than that of current accounts receivable. Since McDowell, shortly prior to the time that the bank acquired the trade acceptances in question, became indebted to it on his own personal notes in the amount of $76,000, it is not unreasonable to assume that when the bank acquired the acceptances it regarded the transaction as a secured indebtedness of McDowell. Consequently we are of the opinion that at the end of the year 1920 these particular transactions represented debts due the bank that should have been charged off to be deductible, rather than investments that had become worthless during that year, and, inasmuch as they were not charged off by the bank during the year 1920, they are not allowable deductions from income for that year.
Since the allowance as deductions of the accounts of the Lone Star Securities Co., Brundage Hancock Oil Association, and Crystal Cafe will more than offset the amount of the alleged deficiency, it is apparent that there is no liability assessable against the City National Bank as transferee of the National Bank of Commerce.

Judgment will be entered under Rule 50.